1   **WO**

2

3

4

5

6

7                   **IN THE UNITED STATES DISTRICT COURT**

8                       **FOR THE DISTRICT OF ARIZONA**

9

10   Thomas Paul West,                    )   No. CV-98-218-TUC-DCB
                                          )
11                   Petitioner,          )   <u>DEATH PENALTY CASE</u>
                                          )
12   v.                                   )
                                          )
13                                        )   **ORDER AND OPINION**
     Dora B. Schriro, et al.,[1]          )   **RE: PROCEDURAL STATUS**
14                                        )   **OF CLAIMS**
                     Respondents.         )
15   _____  )
                                          )
16

17          Petitioner Thomas Paul West ("Petitioner"), a state prisoner under sentence of death,

18   petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that

19   he is imprisoned and sentenced in violation of the United States Constitution.  (Dkt. 1.)[2]

20   This Order addresses procedural bar and other issues raised by Respondents' answer to the

21   petition.

22                **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

23          On March 17, 1988, Petitioner was convicted by a jury of first degree murder, second

24   degree burglary, and theft in the fatal beating and robbery of Donald Bortle in his Tucson

25

26   _____

27          [1] Dora B. Schriro, Director of the Arizona Department of Corrections, is substituted
     for her predecessor pursuant to Fed. R. Civ. P. 25(d)(1).

28          [2] "Dkt." refers to documents in this Court's file.

home.  The trial court sentenced Petitioner to death for the murder and various prison terms for the other counts.  On direct appeal, the Arizona Supreme Court affirmed.  See State v. West, 176 Ariz. 432, 862 P.2d 192 (1993), cert. denied, 511 U.S. 1063 (1994).

Petitioner filed a petition for post-conviction relief ("PCR") pursuant to Rule 32 of the Arizona Rules of Criminal Procedure on March 15, 1996.  Without holding an evidentiary hearing, the PCR court denied relief, finding many of the claims procedurally precluded.  On April 23, 1998, the Arizona Supreme Court denied a petition for review.

Petitioner filed a Petition for Writ of Habeas Corpus in this Court on May 6, 1998.  On December 18, 1998, he filed an amended petition raising thirty-two claims.  (Dkt. 25.)  Respondents filed an answer, limited by the Court's order to issues of exhaustion and procedural default.  (Dkt. 38.)  Petitioner filed a traverse, Respondents filed a reply, and Petitioner filed a sur-reply.  (Dkts. 41, 44, 49.)

On July 30, 1999, the Court permitted Petitioner to file a second amended petition to add a claim concerning the lack of jury determination of aggravating circumstances in Arizona's capital sentencing statute.  (Dkts. 53, 54.)  While the procedural status of Petitioner's claims was under advisement, the Ninth Circuit Court of Appeals issued a decision in Smith v. Stewart, 241 F.3d 1191 (9th Cir. 2001), that called into question Arizona's doctrine of procedural default.  Due to the practice of bifurcating the briefing of procedural and merits issues then-employed by the District of Arizona in capital habeas cases, the Court, in the interest of judicial economy, stayed proceedings pending further review of Smith.  (Dkt. 59.)  In June 2002, the United States Supreme Court reversed the Ninth Circuit.  Stewart v. Smith, 536 U.S. 856 (2002) (per curiam).  Contemporaneously, the Supreme Court decided Ring v. Arizona, 536 U.S. 584 (2002), which found Arizona's sentencing scheme unconstitutional because judges, not juries, determined the existence of the aggravating circumstances necessary to impose a death sentence.  As a result, Petitioner sought, and this Court granted, leave to return to state court to exhaust a new claim based on Ring.  (Dkts. 62, 66.)  After determining that Ring does not apply retroactively under Arizona law, the state trial and supreme courts denied post-conviction relief.  Thereafter,

1   Petitioner filed a third amended petition, and this Court lifted the stay of proceedings.  (Dkt.

2   74.)

3   **PRINCIPLES OF EXHAUSTION AND PROCEDURAL DEFAULT**

4   Because this case was filed after April 24, 1996, it is governed by the Antiterrorism

5   and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA").  Lindh v. Murphy,

6   521 U.S. 320, 336 (1997); Woodford v. Garceau, 538 U.S. 202, 210 (2003).  The AEDPA

7   requires that a writ of habeas corpus not be granted unless it appears that the petitioner has

8   exhausted all available state court remedies.  28 U.S.C. § 2254(b)(1); see also Coleman v.

9   Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509 (1982).  To properly

10  exhaust state remedies, the petitioner must "fairly present" his claims to the state's highest

11  court in a procedurally appropriate manner.  O'Sullivan v. Boerckel, 526 U.S. 838, 848

12  (1999).

13  A claim is "fairly presented" if the petitioner has described the operative facts and the

14  federal legal theory on which his claim is based so that the state courts have a fair

15  opportunity to apply controlling legal principles to the facts bearing upon his constitutional

16  claim.  Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 277-78

17  (1971).[3]  Commenting on the importance of fair presentation, the United States Supreme

18  Court has stated:

19      If state courts are to be given the opportunity to correct alleged violations of
        prisoners' federal rights, they must surely be alerted to the fact that the
20      prisoners are asserting claims under the United States Constitution.  If a habeas
        petitioner wishes to claim that an evidentiary ruling at a state court trial denied
21      him the due process of law guaranteed by the Fourteenth Amendment, he must
        say so, not only in federal court, but in state court.

22  Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).  Following Duncan, the Ninth

23  Circuit has held that a state prisoner has not "fairly presented" (and thus exhausted) federal

24  claims in state court unless he specifically indicated to that court that the claims were based

25

26  _____

27      [3] Resolving whether a petitioner has fairly presented his claim to the state court is an
    intrinsically federal issue to be determined by the federal court.  Wyldes v. Hundley, 69 F.3d
28  247, 251 (8th Cir. 1995); Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir. 1994).

on federal law.  See, e.g., Lyons v. Crawford, 232 F.3d 666, 669-70 (2000), as amended by 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried by impartial jury and ineffective assistance of counsel lacked  specificity and explicitness required to present federal claim); Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000) (broad reference to "due process" insufficient to present federal claim); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.").  A petitioner must make the federal basis of a claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir.1999), or by citing state cases that explicitly analyze the same federal constitutional claim, Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  Such explicit fair presentation must be made not only to the trial or post-conviction court, but to the state's highest court.  Baldwin v. Reese, 541 U.S. 27, 32 (2004).  If a petitioner's habeas claim includes new factual allegations not presented to the state court, the claim may be considered unexhausted if the new facts "fundamentally alter" the legal claim presented and considered in state court.  Vasquez v. Hillery, 474 U.S. 254, 260 (1986).

A habeas petitioner's claims may be precluded from federal review in either of two ways.  First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds.  Coleman, 501 U.S. at 729-30.  Second, a claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in any forum and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  Coleman, 501 U.S. at 735 n.1.  This is often referred to as "technical" exhaustion because, although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy.  See Gray v. Netherland, 518 U.S. 152, 161-62 (1996) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him.").

Rule 32 of the Arizona Rules of Criminal Procedure governs when petitioners may seek relief in post-conviction proceedings and raise federal constitutional challenges to their convictions or sentences in state court. Rule 32.2 provides, in part:

> a. Preclusion. A defendant shall be precluded from relief under this rule based upon any ground:
> . . . .
>
> (2)  Finally adjudicated on the merits on appeal or in any previous collateral proceeding;
>
> *(3) That has been waived at trial, on appeal, or in any previous collateral proceeding.*
>
> b. Exceptions. Rule 32.2(a) shall not apply to claims for relief based on Rules 32.1(d), (e), (f), (g) and (h). When a claim under [these sub-sections] is to be raised in a successive or untimely post-conviction relief proceeding, the notice of post-conviction relief must set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner. If the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed.

Ariz. R. Crim. P. 32.2 (West 2003) (emphasis added). Thus, pursuant to Rule 32.2, petitioners may not be granted relief on any claim which could have been raised in a prior petition for post-conviction relief. The preclusive effect of Rule 32.2 will be avoided only if a claim falls within certain exceptions (subsections (d) through (h) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition.

Therefore, in the present case, if there are claims which have not been raised previously in state court, the Court must determine whether Petitioner has state remedies currently available to him pursuant to Rule 32. If no remedies are currently available, petitioner's claims are "technically" exhausted but procedurally defaulted. Coleman, 501 U.S. at 732, 735 n.1. In addition, if there are claims that were fairly presented in state court but found defaulted on state procedural grounds, such claims also will be found procedurally defaulted in federal court so long as the state procedural bar was independent of federal law and adequate to warrant preclusion of federal review. Harris v. Reed, 489 U.S. 255, 262 (1989). A state procedural default is not independent if, for example, it depends upon an antecedent federal constitutional ruling. See Stewart v. Smith, 536 U.S. at 860. A state bar

is not adequate unless it was firmly established and regularly followed at the time of application by the state court.   Ford v. Georgia, 498 U.S. 411, 423-24 (1991).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims.  Reed v. Ross, 468 U.S. 1, 9 (1984).  As a general matter, the Court will not review the merits of procedurally defaulted claims unless a petitioner demonstrates legitimate cause for the failure to properly exhaust in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court.  Coleman, 501 U.S. at 735 n.1.

Ordinarily "cause" to excuse a default exists if a petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Id. at 753.  Objective factors which constitute cause include interference by officials which makes compliance with the state's procedural rule impracticable, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and constitutionally ineffective assistance of counsel.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  "Prejudice" is actual harm resulting from the alleged constitutional error or violation.  Magby v. Wawrzaszek, 741 F.2d 240, 244 (9th Cir. 1984).  To establish prejudice resulting from a procedural default, a habeas petitioner bears the burden of showing not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension.  United States v. Frady, 456 U.S. 152, 170 (1982).

If a petitioner cannot meet the "cause and prejudice" standard, the Court still may consider the merits of procedurally defaulted claims if the failure to hear the claims would constitute a "fundamental miscarriage of justice."  Sawyer v. Whitley, 505 U.S. 333 (1992). The "fundamental miscarriage of justice" exception is also known as the actual innocence exception.  There are two types of claims recognized under this exception: (1) that a petitioner is "innocent of the death sentence," or, in other words, that the death sentence was erroneously imposed; and (2) that a petitioner is innocent of the capital crime.  In the first

instance, the petitioner must show by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have found the existence of any aggravating circumstance or some other condition of eligibility for the death sentence under the applicable state law.  Id. at 336.  In the second instance, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327 (1995).  To establish the requisite probability, the petitioner must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Id.  However:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Id. at 324.

## HABEAS CLAIMS

Petitioner's third amended petition asserts federal constitutional violations based on the following issues:

A-1    Trial counsel's failure to fully investigate and raise possible defenses;

A-2    Trial counsel's failure to fully investigate and interview all necessary witnesses;

A-3a   Trial counsel's failure to object to the trial court's failure to give an instruction defining "intentionally";

A-3b   Trial counsel's failure to object to the "reasonable doubt" instruction;

A-3c   Trial counsel's failure to request an instruction that testimony by informants should be viewed with suspicion;

A-3d   Trial counsel's failure to request an instruction defining felony murder;

A-3e   Trial counsel's failure to support the request for lesser-included offense instructions;

A-4    Trial counsel's failure to zealously represent Petitioner;

A-5    Trial counsel's inexperience and lack of funding and time;

- 7 -

A-6     Sentencing counsel's failure to present evidence at the initial sentencing hearing;

A-7     Sentencing counsel's agreement to stipulate to a prior conviction;

A-8     Sentencing counsel's failure to investigate and present as mitigation evidence of Petitioner's impaired mental health, head injuries, childhood abuse, immaturity, substance abuse, and failure to complete drug rehabilitation;

B       Appellate counsel's filing of a "choppy and incomplete brief";

C       PCR court's denial of funds, experts and discovery to establish claims in post-conviction proceedings;

D       PCR court's refusal to allow *ex parte* requests for funds, experts, and investigators in post-conviction proceedings;

E-1     Trial court's bias;

E-2     Lack of random case reassignment following judicial recusals;

F       Prosecutorial misconduct;

G       Imposition of "prior conviction" aggravating factor;

H       Imposition of "heinous, cruel or depraved" aggravating factor;

I       Imposition of "pecuniary gain" aggravating factor;

J       State courts' failure to find and weigh mitigation evidence at sentencing;

K       State courts' failure to perform a proportionality review;

L-1     Capital sentencing scheme's lack of guidance to prosecutors;

L-2     Capital sentencing scheme's lack of proportionality review;

L-3     Capital sentencing scheme's lack of random appointment of judges;

L-4     Capital sentencing scheme's lack standards for appointment of defense counsel;

M       Capital sentencing scheme's failure to allow weighing of mitigation evidence that does not satisfy "preponderance" standard of proof;

N       Capital sentencing scheme's lack of jury determination of aggravating factors;

O-1     Execution by lethal gas;

O-2     Execution by lethal injection;

P       Petitioner's lack of mental competency for execution; and

Q       Denial of fair clemency process.

## DISCUSSION

Respondents concede Claims A-1, A-2, A-3a, A-3b, A-3e, A-6, A-7, A-8 (in part), B, E-1, I, and O-2 are properly exhausted and entitled to review on the merits; these claims or portions of these claims will be reviewed on the merits in a future order.  Respondents assert that the balance of Petitioner's claims were not fairly presented in state court, or were found precluded on state law grounds, and are procedurally barred from habeas review on the merits.  Petitioner contends that all of his claims may be reviewed on the merits.  Petitioner withdrew Claim K in April 1999, and it is no longer before the Court.  (See Dkt. 41 at 30.)

### Claims A-3c and A-3d

Respondents concede that Petitioner raised these allegations of ineffective assistance of counsel ("IAC") in his PCR petition and that the PCR court's preclusion ruling under Rule 32.2(a)(2) of the Arizona Rules of Criminal Procedure is not an adequate bar to habeas review.  (Dkt. 38 at 25-26; dkt. 44 at 5.)  Nevertheless, Respondents contend these claims are procedurally barred because on direct appeal the Arizona Supreme Court observed that Petitioner had failed to object at trial to claims of instructional error and reviewed the claims only for fundamental error.  The Court finds no merit in Respondents' argument.

An IAC claim is an independent claim of constitutional error.  Respondents have cited no Arizona rule or caselaw suggesting that an IAC claim based on a separate claim of error adjudicated during a direct appeal may not be presented in a first PCR petition.  Moreover, as discussed next with regard to Claims A-4 and A-5, at the time of Petitioner's PCR proceedings, the Arizona Supreme Court had clarified that IAC claims should be raised in PCR proceedings, rather than on direct appeal.  Because Petitioner fairly presented Claims A-3c and A-3d in his PCR proceedings, and the PCR court did not find them defaulted pursuant to an adequate bar, see Poland (Patrick) v. Stewart, 169 F.3d 573, 578 (9th Cir. 1999) (noting that a claim found precluded by Rule 32.2(a)(3), Ariz. R. Crim. P., appears to be a "classic exhausted claim"), the claims are properly before this Court for review.

### Claims A-4 and A-5

Respondents concede that Petitioner raised the IAC allegations contained in Claims

1   A-4 and A-5 in his PCR petition, but assert they are barred because the trial court found the

2   claims precluded as waived for failure to raise on appeal pursuant to Rule 32.2(a)(3) of the

3   Arizona Rules of Criminal Procedure.  (Dkt. 38 at 26-27.)  The Court disagrees.

4   For a state court's procedural bar to preclude federal review it must be adequate.  To

5   satisfy that requirement, the bar must have been firmly established and regularly followed

6   at the time of application by the state court.  Ford, 498 U.S. at 423-24.  Beginning in 1992,

7   the Arizona Supreme Court clarified that IAC claims should be raised in PCR proceedings,

8   rather than on direct appeal.  See State v. Atwood, 171 Ariz. 576, 599, 832 P.2d 593, 616

9   (1992), overruled on other grounds by State v. Nordstrom, 200 Ariz. 229, 25 P.3d 717

10  (2001); Krone v. Hotham, 181 Ariz. 364, 366, 890 P.2d 1149, 1151 (1995).  Thus, in 1996,

11  when the PCR court found Claims A-4 and A-5 barred, it was firmly established that IAC

12  claims should be raised in PCR proceedings, not on direct appeal.  Accordingly, the bar

13  applied by the PCR court to Claims A-4 and A-5 was not adequate to bar federal review.  See

14  Lambright v. Stewart, 241 F.3d 1201, 1203 (9th Cir. 2001) (finding state default inadequate

15  to bar consideration of an IAC claim raised for the first time in a PCR petition).  Because

16  Petitioner fairly presented Claims A-4 and A-5 in his PCR proceedings, and the state courts

17  did not apply an adequate bar, the claims are properly before this Court for review on the

18  merits.

19  **Claim A-8**

20  Respondents concede that Petitioner fairly presented during PCR proceedings the

21  claim that sentencing counsel was ineffective for failing to investigate and present evidence

22  of his mental health, immature emotional level, substance abuse, and failure to complete a

23  drug rehabilitation program.   Respondents contend, however, that Petitioner has

24  impermissibly expanded the claim that was presented in state court by asserting in these

25  proceedings that counsel should have also investigated and presented evidence concerning

26  Petitioner's history of head injuries and childhood abuse.

27  As a general proposition, new factual allegations do not render a claim unexhausted

28  unless they fundamentally alter the legal claim considered by the state courts.  Vasquez, 474

U.S. at 257-60 (supplementation and clarification of the state court factual record does not change a claim so drastically as to require that the state courts be given a new opportunity to hear the issues).  "A habeas petitioner need not present every piece of evidence to the state court in support of his federal claims to satisfy the exhaustion requirement."  Chacon v. Wood, 36 F.3d 1459, 1469 (9th Cir.1994); see also Luna v. Cambra, 306 F.3d 954, 965 (9th Cir.) ("on habeas review, we have previously considered additional evidence that does not alter the gravamen of the petitioner's claim"), as amended 311 F.3d 928 (9th Cir. 2002); Correll v. Stewart, 137 F.3d 1404, 1414 n. 2 (9th Cir. 1998) ("'claim exhaustion' does not equate to 'evidence exhaustion'").  After reviewing the PCR petition, accompanying exhibits, and petition for review filed by Petitioner in the Arizona courts, the Court concludes that Petitioner's elucidation of counsel's failure to investigate his history of head injuries and child abuse does not fundamentally alter the substance of the IAC claim he presented in state court.  Accordingly, the Court will review the merits of Claim A-8 in its entirety.

**Claims C and D**

In Claim C Petitioner contends that the state court's denial of funds, experts, and discovery during post-conviction proceedings, to assist in establishing ineffectiveness claims and other allegations, violated his rights to competent counsel and due process under the Fifth, Sixth, and Fourteenth Amendments. (Dkt. 74 at 49).  In Claim D, Petitioner contends that his due process rights were violated when the state court, at the start of his post-conviction proceedings, refused to allow him to file motions for appointment of experts and investigators on an *ex parte* basis. (Dkt. 74 at 53).  Regardless of whether these claims were exhausted in state court, they are not cognizable in federal habeas proceedings.

In Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989), the Ninth Circuit, following the majority of circuits, held that errors concerning the process of a state post-conviction proceeding are not cognizable in federal habeas corpus proceedings.  Errors in a state post-conviction proceeding do not attack the constitutionality of a petitioner's detention, but rather represent an attack on a proceeding collateral to the detention.  Id.  Because such errors do not attack the constitutionality of the detention, they are not cognizable in a habeas

corpus proceeding under 28 U.S.C. § 2254.

Petitioner's Claim C alleges error in the trial court's refusal, during post-conviction proceedings, to provide investigative funds and appoint experts to assist counsel in presenting ineffectiveness and other claims.  Claim D similarly asserts error during post-conviction proceedings.  Under <u>Franzen</u>, Claims C and D are not cognizable and, therefore, will be dismissed.

### Claim E-2

Respondents acknowledge that Claim E-2 was fairly presented in Petitioner's PCR petition but assert that habeas review is barred because the PCR court found the claim precluded as waived for failure to raise on appeal pursuant to Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure.  (Dkt. 38 at 33.)  More significantly, Respondents assert that Claim E-2 is not cognizable.  The Court agrees.

A federal habeas court is limited to deciding whether a conviction violated the United States Constitution, and habeas relief does not lie for alleged violations of state law.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  In Claim E-2, Petitioner argues that the presiding judge for the Pima County Superior Court failed to provide for a random judicial assignment of his case. Petitioner does not assert, and the Court could find no support for the claim, that a defendant in a state court has a federal right to a randomly-assigned trial judge.  Any error regarding judicial assignment of Petitioner's case is at most an error of state law, which may not serve as a basis for federal habeas relief.  <u>Id.</u>  Therefore, the Court will dismiss Claim E-2 as not cognizable.

### Claim F

Claim F consists of five separate allegations of prosecutorial misconduct.  Four were presented on direct appeal as violations of the Fifth, Sixth, and Fourteenth Amendments (Opening Br. at 79-85), and the fifth was presented in the PCR petition (ROA-PCR at 68).[4]

---

[4]     "ROA-PCR" refers to the 3-volume record on appeal from post-conviction proceedings prepared for Petitioner's petition for review to the Arizona Supreme Court (Case No. CR-97-0142-PC).  A certified copy of the post-conviction records, as well as an original

1  Respondents assert that the claims raised on appeal are barred from review because the
2  Arizona Supreme Court found that Petitioner had failed to raise these allegations at trial.
3  (Dkt. 38 at 33.)  They further assert that the allegation raised in the PCR is barred because
4  the PCR court found the claim precluded as waived for failure to raise on appeal pursuant
5  to Rule 32.2(a)(3) of the Arizona Rules of Criminal Procedure.  (Id. at 34.)

6          Respondents correctly note that the Arizona Supreme Court found Petitioner
7  "precluded" from raising claims of prosecutorial misconduct because they were not raised
8  during trial.  West, 176 Ariz. at 446, 862 P.2d at 205.  However, the court proceeded to
9  determine whether "fundamental error" existed.  In doing so, the Arizona Supreme Court
10 considered the merits of the claims, albeit pursuant to a higher standard of review.  See
11 Walker v. Endell, 850 F.2d 470, 474 & n.4 (9th Cir. 1987) (holding that review for plain
12 error is a ruling on the merits of a claim); Huffman v. Ricketts, 750 F.2d 798 (9th Cir. 1984)
13 (finding no bar to federal review where Arizona Court of Appeals decided appellant's federal
14 constitutional claim vis-à-vis fundamental error review after noting failure to object at trial).
15 A state court's actual consideration of a claim satisfies exhaustion.  See Sandstrom v.
16 Butterworth, 738 F.2d 1200, 1206 (11th Cir. 1984).  Because the state's high court actually
17 addressed the prosecutorial claims presented on direct appeal, this aspect of Claim F is
18 exhausted and appropriate for review on the merits by this Court.

19         With respect to the prosecutorial allegation presented in the PCR, the Court finds that
20 this aspect of Claim F is procedurally barred from merits review in this Court.  In its ruling,
21 the PCR court found this claim to be waived pursuant to Rule 32.2(a)(3).  (ROA-PCR at
22 227.)  The PCR court further ruled that all of the claims set forth in the PCR petition failed
23 to present material issues of fact or law that would entitle Petitioner to relief.  (Id.)  Claims
24 that were fairly presented in state court but found defaulted on state procedural grounds will
25 be procedurally defaulted in federal court if the state procedural bar was independent of
26 federal law and adequate to warrant preclusion of federal review.  See Harris, 489 U.S. at

27 _____

28 set of appellate briefs from Petitioner's direct appeal, were provided to this Court by the
Arizona Supreme Court.  (See dkt. 58.)

262.  Rule 32.2(a)(3) is independent of federal law, see Smith, 536 U.S. at 860, and the Ninth Circuit has repeatedly determined that Arizona regularly and consistently applies its procedural default rules such that they are an adequate bar to federal review of a claim.  See Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998) (finding Rule 32.2(a)(3) regularly followed and adequate); Poland v. Stewart, 117 F.3d 1094, 1106 (9th Cir. 1997) (same); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1306 (9th Cir. 1996) (previous version of Arizona's preclusion rules "adequate"); Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992) (en banc) (same).  Although the PCR court also addressed the merits of Claim F by concluding that none of Petitioner's claims presented material issues of fact or law, this was an alternative ruling that does not negate the procedural bar.  See Coleman, 501 U.S. at 729-30; Harris, 489 U.S. at 264 & n.10 (holding that when a state invokes an adequate and independent state procedural bar as a separate basis for its decision, an alternative ruling on the merits of the claim will not invalidate the bar to federal review); Carriger, 971 F.2d at 333 (holding that federal court may not review a claim found procedurally defaulted by the Arizona Supreme Court based on an adequate and independent bar, even if the court alternatively addresses the merits).

As cause for the default of this aspect of Claim F, Petitioner asserts the ineffectiveness of appellate counsel.  Before ineffectiveness may be used to establish cause for a procedural default, it must have been presented to the state court as an independent claim.  See Edwards v. Carpenter, 529 U.S. 446, 451-53 (2000) ("ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"); Murray, 477 U.S. at 489-90 ("the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (exhaustion requires petitioner to first raise ineffective appellate counsel claim separately in state court before alleging it as cause for default).  In his PCR petition, Petitioner raised one claim of appellate ineffectiveness, which was limited to counsel's filing of a "choppy and incomplete" brief.  (See ROA-PCR at 42-44.)  He did not present any

1  appellate IAC claims based on counsel's failure to raise any specific claims.  Consequently,

2  appellate IAC cannot constitute cause to excuse the instant default.

3  Petitioner also asserts that a fundamental miscarriage of justice will occur if the Court

4  does not consider all of his claims on the merits because he is actually innocent of the crime.

5  However, Petitioner advances no "new reliable evidence" that was not presented at trial to

6  support his claim of actual innocence.  Schlup v. Delo, 513 U.S. at 324.  Rather, he argues

7  only reasonable doubt in the State's case against him.  The Court finds that Petitioner has not

8  made the requisite showing of actual innocence and that the failure to consider the defaulted

9  aspect of Claim F on the merits will not result in a fundamental miscarriage of justice.

10 Petitioner having failed to establish cause and prejudice or a miscarriage of justice, the

11 prosecutorial allegation presented in the PCR petition is procedurally barred.

12 **Claims G and H**

13 Claims G and H assert federal constitutional violations resulting from the failure of

14 the prosecution to establish aggravating factors beyond a reasonable doubt.  Respondents

15 concede that Petitioner argued on appeal that the State failed to prove the factors set forth

16 in A.R.S. § 13-703(F)(2) and (F)(6), but assert that Petitioner failed to "federalize" these

17 state-law-based claims by further asserting that the sentencing judge's findings as to these

18 factors were so arbitrary and capricious as to constitute independent due process violations

19 under the Fourteenth Amendment.

20 On appeal, Petitioner argued only that the State had failed to prove the (F)(2) and

21 (F)(6) factors beyond a reasonable doubt.  (Opening Br. at 87, 92.)  This was insufficient to

22 fairly present a federal constitutional violation.  See Baldwin v. Reese, 541 U.S. at 32 ("A

23 litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim

24 in a state-court petition or brief.").  Nevertheless, Petitioner asserts that the claim is properly

25 exhausted because the Arizona Supreme Court conducted a review for fundamental error.

26 The Arizona Supreme Court, through its jurisprudence, has repeatedly stated that it

27 independently reviews each capital case to determine whether the death sentence is

28 appropriate.  In State v. Gretzler, 135 Ariz. 42, 54, 659 P.2d 1, 13 (1983), the court stated

that the purpose of independent review is to assess the presence or absence of aggravating and mitigating circumstances and the weight to give to each.  See also State v. Blazak, 131 Ariz. 598, 604, 643 P.2d 694, 700 (1982).  To ensure compliance with Arizona's death penalty statute, the court reviews the record regarding aggravation and mitigation findings, and then decides independently whether the death sentence should be imposed.  State v. Brewer, 170 Ariz. 486, 493-94, 826 P.2d 783, 790-91 (1992).  The Arizona Supreme Court has also stated that, in conducting its review, it determines whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factors.  State v. Richmond, 114 Ariz. 186, 196, 560 P.2d 41, 51 (1976), sentence overturned on other grounds, Richmond v. Cardwell, 450 F. Supp. 519 (D. Ariz. 1978).  Arguably, such a review rests on both state and federal grounds.  See Brewer, 170 Ariz. at 493, 826 P.2d at 790 (finding that statutory duty to review death sentences arises from need to ensure compliance with constitutional safeguards imposed by the 8th and 14th amendments); State v. Watson, 129 Ariz. 60, 63, 628 P.2d 943, 946 (1981) (discussing Gregg v. Georgia, 428 U.S. 153 (1976) and Godfrey v. Georgia, 446 U.S. 420 (1980) and stating that independent review of death penalty is mandated by the U.S. Supreme Court and necessary to ensure against arbitrary and capricious application).

While the state court's independent review does not encompass any and all alleged constitutional error at sentencing, the Court finds that it necessarily must consider whether imposition of the death penalty rests on permissible grounds.  See Brewer, 170 Ariz. at 494, 826 P.2d at 791 ("[T]he propriety of the death penalty is not for the defendant or the trial court alone to decide.  That decision also rests with this court upon automatic appeal and is guided, above all, by the state's narrowly construed statutes specifying the limited circumstances for which a defendant may be deemed death-eligible.").  The Court further concludes that the Arizona Supreme Court's independent review of Petitioner's sentence actually exhausted his claims that the trial court's findings as to the (F)(2) and (F)(6) factors were arbitrary and capricious in violation of the Fourteenth Amendment.  Therefore, the Court will address Claims G and H on the merits.

**Claim J**

Respondents assert that Claim J fails to state a federal claim for habeas relief.  In his habeas petition, Petitioner argues that, due to trial counsel's failure to properly present certain mitigating factors and to proffer sufficient evidence of others (see Claim A-8), the state courts were not "in a position to find that these mitigators had been found by a preponderance of the evidence."  (Dkt. 74 at 81.)  Petitioner also complains that the PCR court denied his request to present the evidence necessary to prove these mitigating factors and, as a result, "no one has properly considered the additional mitigation."  (Id.)  It appears, then, that Petitioner is arguing a violation of federal constitutional rights based on the failure to consider evidence not presented during the sentencing proceeding.

The Court concludes that Petitioner has failed to state a cognizable claim for federal habeas relief.  The United States Supreme Court has held that the Eighth and Fourteenth Amendments require that a sentencer consider, as a mitigating factor, any aspect of a defendant's character or record and any circumstances of the offense *that a defendant proffers* as a basis for a sentence less than death.  Eddings v. Oklahoma, 455 U.S. 104, 110 (1982); Lockett v. Ohio, 438 U.S. 586, 604 (1978); see also Jeffers v. Lewis, 38 F.3d 411, 417 n.2 (9th Cir. 1994) (en banc) ("There is no constitutional violation by a sentencer failing to consider mitigating circumstances when a defendant neglects to argue such circumstances exist.").  However, there is no federal constitutional right that a sentencer find proffered evidence mitigating or assign any particular weight to it in the sentencing calculus.  Eddings, 455 U.S. at 114-15.

Here, Petitioner is not asserting that the state courts failed to consider proffered mitigating evidence at sentencing.  Rather, the crux of his complaint is that evidence proffered during PCR proceedings has never been considered.  As already noted, errors concerning the process of a state post-conviction proceeding are not cognizable in federal

1   habeas.[5]  Franzen, 877 F.2d at 26.  Furthermore, to the extent Petitioner is also asserting

2   error by the sentencing court with respect to its mitigation findings and its weighing of the

3   aggravating and mitigating factors (an argument not actually advanced in the body of

4   Petitioner's amended habeas petition), the Court finds that any such error is at most an error

5   of state law, which may not serve as a basis for federal habeas relief.  Estelle, 502 U.S. at 67-

6   68; see also Eddings, 455 U.S. at 114-15, Ortiz, 149 F.3d at 943 (finding no constitutional

7   violation where sentencing court considered evidence but found it inadequate to justify

8   leniency; "a sentencer is free to assess how much weight to assign to such evidence").

9   Therefore, the Court will dismiss Claim J as not cognizable.

10      **Claim L**

11      Petitioner asserts that Arizona's death penalty is unconstitutional because (1)

12   prosecutors have unfettered discretion in deciding whether to seek the death penalty; (2) the

13   statute fails to provide for proportionality review; (3) there is no process for the random

14   appointment of a trial judge in Pima County; and (4) Arizona lacks standards for the

15   appointment of defense counsel.  Regardless of the exhaustion status of these claims, the

16   Court finds that subclaims 1 and 2 lack merit as a matter of law and that subclaims 3 and 4

17   fail to state cognizable claims for federal habeas relief.  Accordingly, Claim L will be

18   dismissed in its entirety.

19      In Smith (Bernard) v. Stewart, 140 F.3d 1263, 1271 (9th Cir. 1998), the Ninth Circuit

20   summarily rejected the petitioner's claims regarding constitutionality of Arizona's death

21   penalty, including a claim concerning the prosecutor's discretion to decide whether to seek

22   the death penalty.  This Court similarly finds Claim L-1 to be patently meritless.  Regarding

23

24      [5]    In his PCR, Petitioner argued that additional mitigating circumstances not
        presented at sentencing were sufficiently substantial to warrant leniency and asked the PCR
25      court to vacate his death sentence in favor of life in prison.  (ROA-PCR at 80-83.)  In their
        Answer, Respondents assert that this claim is "exhausted" with respect to evidence of
26      Petitioner's good behavior in prison and lack of closure the death penalty provides to the
        victim's family – two mitigating factors Respondents acknowledge were never presented at
27      sentencing.  (Dkt. 38 at 37; dkt. 44 at 22.)  Regardless of Respondents' "concession," as
        explained above, such a claim cannot serve as a basis for federal habeas relief.
28

proportionality review, the federal constitution is not implicated where state law does not provide for such review.  Pulley v. Harris, 465 U.S. 37, 43-44, 50-51 (1984).  In State v. Salazar, 173 Ariz. 399, 416-17, 844 P.2d 566, 583-84 (1992), the Arizona Supreme Court held that proportionality reviews would no longer be conducted in death penalty cases. Because Petitioner possessed no constitutional right to a proportionality review at the time of his appeal, see West, 176 Ariz. at 455, 862 P.2d at 215, Claim L-2 is meritless.

As already discussed in Claim E-2, Petitioner has failed to identify any federal constitutional right to a randomly-assigned trial judge.  Similarly, Petitioner's complaint regarding the lack of standards for defense counsel appointed by Arizona state courts does not implicate any federal constitutional rights.  Cf. Bonin v. Calderon, 59 F.3d 815, 842 (9th Cir. 1995) (holding that California statute mandating two defense attorneys in capital cases implicates no federal constitutional rights).  Because a federal habeas court is limited to deciding whether a conviction or sentence violated the United States Constitution, Claims L-3 and L-4, which allege at most errors of state law, may not serve as a basis for federal habeas relief.  Estelle, 502 U.S. at 67-68.

**Claim M**

Claim M has two facets.  On direct appeal, Petitioner argued that Arizona's death penalty statute is unconstitutional because it requires that relevant mitigation evidence be proven by a preponderance of the evidence before being weighed against the aggravating factors.  (Opening Br. at 145.)  This claim is squarely foreclosed by the Supreme Court's decision in Walton v. Arizona, 497 U.S. 639, 649 (1990), overruled on other grounds by Ring v. Arizona, 536 U.S. 584 (2002).  In Walton, the Court held that a defendant's federal constitutional rights are not violated by placing on him the burden to prove mitigating circumstances.  Id. at 650.  Accordingly, this aspect of Claim M will be dismissed as meritless.

In his PCR petition, Petitioner asserted that the cost of executions versus a life sentence should be considered as a relevant mitigating factor.  (ROA-PCR at 76.)  In its ruling, the PCR court found this claim to be waived pursuant to Rule 32.2(a)(3).  (ROA-PCR

at 227.)  The PCR court further ruled that all of the claims set forth in the PCR petition failed to present material issues of fact or law that would entitle Petitioner to relief.  (Id.)  As already set forth with respect to Claim F, this alternative ruling by the PCR court constitutes an independent and adequate bar to federal habeas review.  Petitioner does not argue cause and prejudice or a fundamental miscarriage of justice to excuse the default.  Accordingly, this aspect of Claim M is procedurally barred.[6]

**Claim N**

The Court provided Petitioner leave to amend to add Claim N following the U.S. Supreme Court's decision in Ring v. Arizona, 536 U.S. at 584, which invalidated Arizona's capital-sentencing scheme to the extent that it provided for a judge, not a jury, to determine capital-eligibility factors.  (Dkt. 77.)  Subsequently, in Schriro v. Summerlin, 542 U.S. 348 (2004), the Supreme Court held that Ring does not apply retroactively to cases, such as Petitioner's, whose direct appeals were final at the time Ring was decided. Consequently, the Court finds as a matter of law that Petitioner is not entitled to habeas relief on this claim. Claim N will be dismissed as meritless.

**Claim O-1**

Petitioner raised this claim in his PCR petition, but it was found by the PCR court to be precluded as waived pursuant to Rule 32.2(a)(3).  (ROA-PCR at 30, 227.)  As set forth in Claim F, the PCR court's preclusion ruling is an independent and adequate bar.  As cause for the default, Petitioner asserts a change in the law, namely, the Ninth Circuit's order staying execution in LaGrand (Karl) v. Stewart, 173 F.3d 1144 (9th Cir. 1999), which was vacated by the Supreme Court in Stewart v. LaGrand, 525 U.S. 1173 (1999).  However, this cause argument fails to address Petitioner's failure to raise the claim on direct appeal. Further, any argument that the claim was too novel is foreclosed by the Supreme Court's

---

[6]    Even were it not barred, the claim is meritless.  The cost of carrying out the death penalty is not relevant as mitigation because it goes to neither the circumstances of the offense nor the character and record of the offender.  Eddings, 455 U.S. at 112. Consequently, there is no federal constitutional right that it be considered at sentencing.

subsequent decision in <u>Stewart v. LaGrand (Walter)</u>, 526 U.S. 115, 119-20 (1999), in which it found no cause for the failure to present a challenge to lethal gas, given the debate about the constitutionality of such executions at the time of the petitioner's direct appeal. Petitioner does not assert that a fundamental miscarriage of justice will occur if Claim O-1 is not heard on the merits.  Therefore, Claim O-1 will be dismissed as procedurally barred.

**Claim P**

The parties agree that, pursuant to <u>Martinez-Villareal v. Stewart</u>, 118 F.3d 628, 634 (9th Cir. 1997), <u>aff'd</u>, 523 U.S. 637 (1998), Petitioner's claim of incompetency for execution must be dismissed as not ripe.  Accordingly, the Court will dismiss Claim P without prejudice as premature.

**Claim Q**

Petitioner alleges his constitutional rights will be violated because he will not receive a fair clemency proceeding.  In particular, he alleges the proceeding will not be fair and impartial based on the Board's selection process, composition, training, and procedures, and because the Attorney General will act as the Clemency Board's legal advisor and as an advocate against Petitioner.  Petitioner acknowledges that because he has not sought clemency this claim is premature and not ripe for adjudication.  More significantly, however, this claim is not cognizable on federal habeas review.  Habeas relief can only be granted on claims that a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Petitioner's challenges to state clemency procedures and/or proceedings do not represent an attack on his detention (i.e., his conviction or sentence) and, thus, do not constitute proper grounds for relief.  <u>See</u> <u>Franzen</u>, 877 F.2d at 26; <u>see also</u> <u>Woratzeck v. Stewart</u>, 118 F.3d 648, 653 (9th Cir. 1997) (per curiam) (clemency claims are not cognizable under federal habeas law).  Therefore, the Court will dismiss Claim Q as not cognizable in a federal habeas petition.

**CONCLUSION**

In this Order, the Court finds that Petitioner has fairly presented and actually exhausted Claims A, B, E-1, F (in part), G, H, I, and O-2.  As a result, those claims will be

decided on the merits in a separate order.  Claim K was withdrawn by Petitioner.  Claims F (in part), M (in part), and O-1 are procedurally barred; Claims L-1, L-2, M (in part), and N are meritless as a matter of law; and Claims C, D, E-2, J, L-3, L-4, and Q are not cognizable in a federal habeas petition.  These claims will be dismissed with prejudice.  The Court finds that Claim P is not ripe and is premature for federal review; therefore, it will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that the following claims are **DISMISSED WITH PREJUDICE**: (a) Claims F (in part), M (in part), and O-1 based on a procedural bar; (b) Claims L-1, L-2, M (in part), and N on the merits as a matter of law; and (d) Claims C, D, E-2, J, L-3, L-4, and Q as not cognizable.

**IT IS FURTHER ORDERED** that Claim P is **DISMISSED WITHOUT PREJUDICE** as premature and not yet ripe for review.

**IT IS FURTHER ORDERED** that, no later than **sixty (60) days** following entry of this Order, Petitioner shall file a Memorandum regarding the merits *only* of Claims A, B, E-1, F (in part), G, H, I, and O-2.  The Merits Memorandum shall specifically identify and apply appropriate AEDPA standards of review *to each claim for relief* and shall not simply restate facts and argument contained in the amended petition.  Petitioner shall also identify in the Merits Memorandum:  (1) each claim for which further evidentiary development is sought; (2) the facts or evidence sought to be discovered, expanded or presented at an evidentiary hearing; (3) why such evidence was not developed in state court; and (4) why the failure to develop the claim in state court was not the result of lack of diligence, in accordance with the Supreme Court's decision in Williams v. Taylor, 529 U.S. 420 (2000).

**IT IS FURTHER ORDERED** that no later than **forty-five (45) days** following the filing of Petitioner's Memorandum, Respondents shall file a Response Re: Merits.

**IT IS FURTHER ORDERED** that no later than **twenty (20) days** following the filing of Respondents' Response, Petitioner may file a Reply.

**IT IS FURTHER ORDERED** that if, pursuant to LRCiv 7.2(g), Petitioner or

Respondents file a Motion for Reconsideration of this Order, such motion shall be filed within **fifteen (15) days** of the filing of this Order.  The filing and disposition of such motion shall not toll the time for the filing of the merits briefs scheduled under this Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall, pursuant to Fed. R. Civ. P. 25(d), substitute, as a Respondent, Dora B. Schriro for Terry Stewart as Director of the Arizona Department of Corrections.  The Clerk shall update the title of this case to reflect this substitution.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a courtesy copy of this Order to the Clerk of the Arizona Supreme Court, 1501 W. Washington, Phoenix, Arizona 85007-3329.

DATED this 17th day of January, 2006.

David C. Bury
United States District Judge

*copy: Clerk, Arizona Supreme Court by cjs*