**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Paul West, | ) |
|     Petitioner, | ) CV-98-0218-TUC-DCB |
| v. | ) DEATH PENALTY CASE |
| Dora B. Schriro, et al., | ) **ORDER** |
|     Respondents. | ) |

Before the Court is Petitioner's Motion to Reconsider. (Dkt. 128.) The motion is brought in response to the Court's Order denying Petitioner's amended habeas corpus petition. (Dkts. 126, 127.)

**DISCUSSION**

The Court considers Petitioner's motion pursuant to Rule 59(e) of the Federal Rules of Civil procedure. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see 389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate only if (1) the court is presented with newly discovered evidence, (2) there is an intervening change in controlling law, or (3) the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make

new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

Petitioner seeks reconsideration on several grounds, asserting that there have been recent changes in controlling law that affect his claims and that the Court's rulings were legally and factually erroneous.

**Intervening changes in law**

Petitioner first contends that there has been an intervening change in the law because certain judges in the Ninth Circuit have recently opined, in concurring or dissenting opinions, that the AEDPA violates the separation of powers doctrine. (Dkt. 128 at 5-8.) Petitioner's argument is not well taken. In *Irons v. Carey*, 479 F.3d 658, 665 n.5 (9th Cir. 2007), the Ninth Circuit, citing its own precedent, upheld the constitutionality of the AEDPA. In *Crater v. Galaza*, 491 F.3d 1119, 1124-1130 (9th Cir. 2007), the Ninth Circuit, denying en banc review, again held that the AEDPA does not violate the separation of powers doctrine. In short, based upon a review of the cases cited by Petitioner, it is clear that there has been no intervening change in the law affecting the constitutionality of the AEDPA.

Petitioner also contends that there has been an intervening change in the law affecting his claim that lethal injection violates the Eighth Amendment. (Dkt. 128 at 14-15.) While it is true that the constitutional validity of lethal injection has been the subject of recent litigation, including the Supreme Court's grant of certiorari in *Baze v. Rees*, 128 S. Ct. 34 (2007), there is currently no Supreme Court precedent supporting Petitioner's claim and therefore the state court's rejection of the claim was neither contrary to nor an unreasonable application of clearly established federal law as required for relief under the AEDPA. 28 U.S.C. § 2254(d)(1); *see Carey v. Musladin*, 127 S. Ct. 649, 653-54 (2006).

**Clear error**

Petitioner contends that the Court's Order contained "flawed and incomplete facts." (Dkt. 128 at 9.) The Court disagrees. The factual findings challenged by Petitioner were

neither inaccurate nor significant to the Court's analysis.

The remainder of Petitioner's challenges simply repeat arguments which this Court has already considered and rejected. Petitioner has offered nothing that would indicate that the Court committed clear error when it determined that Petitioner's claims of ineffective assistance of counsel and judicial bias, including their allegations of "cumulative effect," were without merit. Beyond noting again that there were no prejudicial effects to accumulate, the Court will not "rethink what it has already thought through." *Rezzonico*, 32 F. Supp.2d at 1116 (D. Ariz. 1998).

Based on the foregoing,

**IT IS HEREBY ORDERED denying** Petitioner's Motion for Reconsideration. (Dkt. 128.)

DATED this 11th day of December, 2007.

David C. Bury
United States District Judge