1    **WO**

2

3

4

5

6                        **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9
        Thomas Paul West,                    )      No. CV-98-218-TUC-DCB
10                                            )
                        Petitioner,           )      <u>DEATH PENALTY CASE</u>
11                                            )
        vs.                                   )
12                                            )      **ORDER**
                                              )
13      Dora B. Schriro, et al.,              )
                                              )
14                      Respondents.          )
15      _____       )

16          Before the Court is Petitioner's Request for Indication Whether Court Would

17   Consider Motion for Relief from Judgment Pursuant to Rule 60(b)(1) of the Federal Rules

18   of Civil Procedure.  (Dkt. 135.)  Respondents oppose the motion.  (Dkt. 138.)  For the

19   reasons set forth herein, the Court declines Petitioner's invitation to entertain a motion under

20   Rule 60(b).

21                                **DISCUSSION**

22          On May 6, 1998, Petitioner filed a petition for writ of habeas corpus with this Court.[1]

23   (Dkt. 1.)  He filed a third amended petition in October 2003.  (Dkt. 74.)  In January 2006, the

24   Court ruled on the procedural status of Petitioner's claims, dismissing a number of claims as

25   procedurally barred, plainly meritless, or not cognizable; the Court also set a briefing

26

27   _____

28          [1]   During the habeas proceedings in this Court, Petitioner was represented by Carla
     Ryan as lead counsel and Dan Cooper as co-counsel.  At Petitioner's request, the Ninth Circuit
     Court of Appeals terminated their representation and appointed the Federal Public Defender,
     who prepared the instant motion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

schedule on the merits of Petitioner's remaining claims and directed Petitioner to identify in this brief any new facts he hoped to develop and to explain why such evidence was not developed in state court. (Dkt. 82.) On November 29, 2007, the Court denied Petitioner's claims and requests for evidentiary development, entered judgment, and granted a certificate of appealability with respect to Claim A-8, which alleged ineffective assistance of counsel at sentencing. (Dkts. 126, 127.) Petitioner filed a motion for reconsideration, which the Court denied. (Dkts. 128, 130.) Petitioner then filed a notice of appeal. (Dkt. 129.)

Because the filing of a notice of appeal divests the district court of jurisdiction to consider a motion for relief from judgment, *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986), Petitioner has filed the pending motion in accordance with the procedure outlined by the Ninth Circuit. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) ("To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case."); *Carriger v. Lewis*, 971 F.2d 329 (9th Cir. 1992).

Petitioner inquires whether this Court would entertain or grant a motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(1), which entitles the moving party to relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect." Respondents contend that Petitioner is not entitled to relief under Rule 60(b) because the record does not support his allegations of mistake or inadvertence. Respondents also assert that Petitioner's request does not constitute a true Rule 60(b) motion but instead challenges the substance of the Court's prior ruling and is therefore not permissible absent authorization from the Ninth Circuit Court of Appeals. The Court agrees with both of Respondents' arguments.

### 1.    Inadvertence or mistake

A party alleging a mistake under Rule 60(b)(1) "must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). Rule

60(b) does not provide relief from "free, calculated, deliberate choices" made by litigants. *Ackerman v. United States*, 340 U.S. 193, 198 (1950).

Petitioner alleges that the Court committed an error by mistakenly or inadvertently failing to order habeas counsel to seek funding for mental health experts in support of his claim of ineffective assistance of counsel at sentencing. (Dkt. 135 at 3-4.) Petitioner writes in his Attached Motion for Relief from Judgment:

> There was no unambiguous opportunity for West's counsel to obtain the mental health experts necessary to prove prejudice from a failure to present evidence of mental illness because the Court never ordered counsel to file a motion for funds that would have resulted in expert evaluations and the presentation of such evidence to the Court.

(Dkt. 135, App. A at 11.)

This account is misleading at best. The Court provided habeas counsel with a clear opportunity to request resources to assist in the preparation of Petitioner's habeas claims. Following habeas counsel's appointment, the Court issued a cost management order dated May 21, 1998, which informed counsel that Petitioner may be entitled to investigative and expert services under 21 U.S.C. § 848(q)(9). (Dkt. 9 at 3.) The order outlined the procedure for obtaining Court approval for such funding. (*Id.*) Thereafter, habeas counsel moved for investigative resources, namely the appointment of a private investigator to pursue an "actual innocence" claim; the Court authorized the appointment. (*See* Dkts. 21, 22, 23, 34, 37.) Clearly, nothing in the Court's cost management order confused habeas counsel to the extent they were unable to request funding for investigative resources. Petitioner now claims, however, that the Court's later transition to formal case budgeting and its January 18, 2006, Amended *Ex Parte* Cost Management Order (Dkt. 83), led habeas counsel to believe that the Court at some future point would order them to file funding requests for mental health experts. This contention is specious; the order unambiguously provided counsel another opportunity to request expert funding in support of his claims.

First, the order reiterated the Court's earlier statement that Petitioner may be entitled to investigative and expert services under 21 U.S.C. § 848(q)(9). Second, the order

explained to counsel that such requests "are incorporated into counsel's proposed budget." (*Id.* at 6.)  To this end, a "Case Management and Budget Form," including worksheets for both investigators and experts, was attached to the order.  The order further explained:

> In addition to completing this form, counsel are directed to prepare a detailed *ex parte* declaration in support of the budget. . . .  The declaration shall also include all factual and legal argument in support of requests for expert and investigative resources and the facts supporting the need for confidentiality of the requested resources. *See* 21 U.S.C. § 848(q)(9); *infra* Sections I(G) & II.
>
> The Court will review the proposed budget and issue an Order adopting the proposal in whole or in part.

(*Id.* at 2.)  The order then offered habeas counsel further guidance on the procedure for properly completing their budget requests.  (*Id.* at 6-7.)

The amended cost management order also informed counsel that the Court might not find requests for expert or investigative resources "reasonably necessary" prior to reviewing the merits briefs and taking into account the extent to which the claims were developed in state court: "If, after reviewing the relevant pleadings, the Court determines such expert and/or investigative assistance is reasonably necessary, the Court will authorize such expenditures at that time, or prior to any evidentiary hearing that may be required." (*Id.* at 8.)  According to Petitioner, it is this language, and the Court's caution against "seek[ing] expert and/or investigative assistance prematurely" (*id.* at 7), that induced habeas counsel's failure to request funding for mental health experts in their proposed budget (*see* Dkts. 86, 94).  This argument is unpersuasive.  It was evident, at the time the Court ruled on the procedural status of Petitioner's claims and directed the parties to file supplemental briefs concerning the merits of Petitioner's remaining claims and any requests for evidentiary development, that the Court was poised to rule on Petitioner's claims and to decide whether evidentiary development was warranted.  It is simply not plausible that habeas counsel could have interpreted the Court's amended cost management order as anything other than a directive to counsel to set forth all of their funding requests, including requests for the appointment of experts, if counsel believed such assistance would be necessary to establish

- 4 -

a colorable claim. The fact that habeas counsel requested no mental health expert assistance for preparation of either the habeas petition or the supplemental merits brief appears to reflect a conscious choice not to pursue such evidence in support of Claim A-8.[2]

Petitioner's arguments about the consequences of the Court's alleged error is no more convincing. Petitioner mischaracterizes the Court's denial of his ineffective assistance claim as based on a finding that he was not prejudiced by trial counsel's failure to present mental health evidence in mitigation at sentencing. (Dkt. 135 at 2.) In fact, in denying Claim A-8 the Court found that trial counsel's performance at sentencing was "neither deficient nor prejudicial." (Dkt. 126 at 36; *see id.* at 32-33, 58.) Because Petitioner failed to prove deficient performance, a showing of prejudice based on omitted evidence concerning Petitioner's mental health – a showing that would have been made, according to Petitioner, if the Court had ordered habeas counsel to seek the appropriate expert funding – would be insufficient to warrant relief under *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a demonstration of both deficient performance and resulting prejudice.

In sum, the Court provided habeas counsel with clear opportunities to seek funding. Counsel took the opportunity with respect to an investigator but did not seek funding for a mental health expert, despite the Court's statements, up to and including the amended cost

---

[2] This conclusion is bolstered by the fact that habeas counsel Carla Ryan also represented Petitioner in his state postconviction proceedings. As noted by present habeas counsel in their proposed motion for relief from judgment, Ryan repeatedly moved the state postconviction court for funding to investigate Petitioner's mental state. (Dkt. 135 at 14-17.) Although these requests were denied, Ryan did not pursue similar funding in this Court after her request to continue to be appointed as habeas counsel was granted.

In a declaration attached to Petitioner's reply, Ryan now avers that she believed she "was entitled to funds for mental health experts" and that she "fully expected to present expert mental health evidence at an evidentiary hearing" in this Court. (Dkt. 139, Ex. 1 at 1, 2.) She also states that she was "mindful of the Court's admonishment not to request expert funds prematurely." (*Id.* at 1.) The fact remains, however, that whatever counsel's private expectations or intentions regarding expert assistance, they *never* requested such funding, despite the opportunities to do so described above.

management order, that Petitioner was entitled to seek such expert assistance subject to the Court's approval of the request once submitted. The Court is unfamiliar with any principle under which it can be said to have erred, for purposes of Rule 60(b)(1) or otherwise, by failing to mandate that habeas counsel make specific funding requests. In addition, the fact that habeas counsel did not pursue funding for mental health experts to show he was prejudiced by trial counsel's performance is of no moment in light of the Court's conclusion that counsel did not perform deficiently at sentencing. For all of these reasons, the Court is not inclined to entertain Petitioner's proposed Rule 60(b) motion. Furthermore, as explained next, the Court has no jurisdiction to consider the motion because it is, in essence, a successive habeas petition.

### 2.     Successive petition

In *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), the Supreme Court held that Rule 60(b) applies in the habeas context to the extent that it is "not inconsistent with" applicable federal statutes, including the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA prohibits successive habeas petitions. 28 U.S.C. §2244(b). As the *Gonzalez* Court explained, a Rule 60(b) motion constitutes a second or successive habeas petition when it "seeks vindication of" or "advances" one or more "claims." *Id.* at 530-31. A claim is defined as "an asserted federal basis for relief from a state court's judgment of conviction"; a motion brings a claim "if it attacks the federal court's previous resolution of a claim *on the merits.*" *Id.* at 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at n.4.

An appropriate Rule 60(b) motion, the *Gonzalez* Court explained, "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532. Among the claims that constitute a successive petition rather than a Rule 60(b) motion are those seeking leave to present newly discovered evidence. *Id.* at 531.

- 6 -

The *Gonzales* Court further noted that "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 2648 n.5.  Similarly, the Sixth Circuit, in ruling that the petitioner's Rule 60(b) motion was actually a second or successive habeas petition, explained:

> It makes no difference that the motion itself does not attack the district court's substantive analysis of those claims but, instead, purports to raise a defect in the integrity of the habeas proceedings, namely his counsel's failure – after obtaining leave to pursue discovery – actually to undertake that discovery; all that matters is that Post is "seek[ing] vindication of" or "advanc[ing]" a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition.

*Post v. Bradshaw*, 422 F.3d 419, 424-25 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 530-31).  Likewise in *Gray v. Mullin*, 171 Fed.Appx. 741, 742 (10th Cir. 2006), where habeas counsel had failed to provide the full state court record to the district court, causing the court to deny the petitioner's ineffective assistance claim, the petitioner asserted that his Rule 60(b) motion did not constitute a successive petition under *Gonzalez* but was an attack on the integrity of the habeas proceeding.  The Tenth Circuit disagreed, concluding that the motion reasserted a substantive claim after the federal court had already ruled on the merits; the motion therefore constituted a successive petition.   *Id.* at 743-44; *see also Gurry v. McDaniel*, 149 Fed.Appx. 593, 596 (9th Cir. 2005) (Rule 60(b) motion was barred as a successive habeas petition, where the motion was based on the allegedly ineffective assistance provided by previous habeas counsel).

Although Petitioner incorrectly assigns responsibility to the Court for the manner in which habeas counsel presented Petitioner's claims, in substance Petitioner's purported Rule 60(b) motion is plainly based on habeas counsel's failure to obtain mental health evidence that Petitioner now wishes to present in order to challenge the Court's denial of Claim A-8. Thus, the pending motion is a "step[] that lead[s] inexorably to a merits-based attack on the prior dismissal of his habeas petition."  *Post*, 422 F.3d at 425.  Petitioner, through his Rule 60(b) motion, "seeks leave to argue the merits of constitutional claims inadequately presented

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

in . . . his previous habeas petition." *Gurry*, 149 Fed.Appx. at 596.  Therefore, Petitioner's motion, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition." *Id.* (quoting *Gonzalez*, 545 U.S. at 531); *see Post*, 422 F.3d at 425 (the fact that petitioner's motion does not directly assert substantive claims is irrelevant). Because it appears that Petitioner's 60(b) motion is in essence a request to adjudicate a successive petition and because this Court may not consider a successive petition absent prior authorization from the Ninth Circuit Court of Appeals, *see*  28 U.S.C. § 2244(b), this Court declines to entertain Petitioner's proposed motion for relief from judgment.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's Request for Indication Whether Court Would Consider Motion for Relief from Judgment Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure (Dkt. 135) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order to the Clerk of the Ninth Circuit Court of Appeals.

DATED this 17th day of October, 2008.

David C. Bury
United States District Judge

*copy to 9th CCA on 10/17/08 by cjs*

- 8 -